UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 18 P 1: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO:

# 03  12555 JLT

JAE-PIL LEE AND JUNG-JA LEE,
    Plaintiffs          )
                        )
                        )
V.                      )
                        )
                        )
NATIONAL RAILROAD PASSENGER CORP.,   )
D/B/A AMTRAK, JOHN DOE 1, JOHN DOE 2  )
JOHN DOE 3              )
    Defendants         )

RECEIPT #_____52628_____
AMOUNT $_____/0_____
SUMMONS ISSUED_____/_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____77;_____
BY DPTY. CLK._____LL)_____
DATE_____12/19/03_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### THE PARTIES

1.   The Plaintiff, Jae Pil Lee, currently resides at 115 Windchime, in Irvine, State of California.

2.   The Plaintiff, Jung-Ja Lee, currently resides at 115 Windchime in Irvine, State of California.

3.   The Defendant, National Railroad Passenger Corp., is a for profit corporation organized and existing pursuant to the provisions of the Rail Passenger Service Act, 45 U.S.C. §501, et seq., and subject to the provisions of the laws of the District of Columbia, with a principal place of business at 400 North Capital Street, N.W., Washington, D.C.  The Defendant, National Railroad Passenger Corp., d/b/a Amtrak does business within the Commonwealth of Massachusetts and has an usual place of business in the Commonwealth of Massachusetts at 253 Summer Street, Boston, County of Suffolk, Commonwealth of Massachusetts.  The Defendant was incorporated by or under an Act of Congress.  The United States of America is owner of more than one-half of the capital stock of the Defendant.

4.   The Defendant, John Doe 1, identity and address unknown was the Engineer operating the train the Plaintiff, Jae-Pil Lee was on and as such was an agent, servant and/or employee of the Defendant, National Railroad Passenger Corp.

5.   The Defendant, John Doe 2, identity and address unknown was the Conductor of the train the Plaintiff, Jae-Pil Lee was on and as such was an agent, servant and/or employee of the Defendant, National Railroad Passenger Corp.

1

6.    The Defendant, John Doe 3, identity and address unknown was the Assistant Conductor of the train the Plaintiff, Jae-Pil Lee was on and as such was an agent, servant and/or employee of the Defendant, National Railroad Passenger Corp.

## JURISDICTION

7.    Jurisdiction is based upon the provisions of 28 U.S.C., section 1349 on the grounds that the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, was incorporated by or under an Act of Congress and that the United States is owner of more than one-half of the capital stock, thereby conferring original jurisdiction upon this Court.

## THE FACTS

8.    On or about December 30, 2000, the Plaintiff, Jae-Pil Lee, boarded Amtrak passenger train #191 leaving the Rte 128 Station on its way to Providence and New York. He was not a ticketed passenger but had boarded to assist his family, who was traveling to New York, with their luggage. The train suddenly and without warning began to leave the station and Mr. Lee left his family to find a conductor. He was later found injured near the 128 Station platform.

9.    When Mr. Lee failed to return to his family, they went looking for him. As they left the passenger compartment they were in, they noticed an exterior door on the inside portion (opposite from where they had entered from the platform) was open. An Amtrak conductor indicated that the exterior door had been broken.

10.    As common carriers, the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, and its agents, servants, and/or employees including, but not limited to, the Defendants, John Doe 1, John Doe 2 and John Doe 3, had a duty to operate, control and maintain its trains in a safe manner so as not to endanger patrons who are traveling on the railroad tracks.

11.    On or about December 30, 2000, the Defendants, National Railroad Passenger Corp., d/b/a/ Amtrak, and its agents, servants, and/or employees, including, but not limited to, the Defendant, John Doe 1, John Doe 2 and John Doe 3, negligently and carelessly maintained and operated the Amtrak Train which Mr. Lee was on so as to allow Mr. Lee to fall off of the train he was on. Specifically, their negligence included, but is not limited to, the following:

    a.    negligent and careless failure to maintain a safe system of warning people on the Amtrak trains about the departure from the station;

    b.    negligent failure to secure the doors of the train prior to departure from the station;

    c.    negligent failure to failed to maintain the train in a safe condition so as to prevent the doors from opening (or being open) while the train was in motion; and/or

d.      negligent operation of the train with broken doors.

12.    As a result of the negligent and careless maintenance and operation of the Amtrak train by the Defendants, National Railroad Passenger Corp., d/b/a Amtrak and its agents, servants and employees, including, but not limited to, John Doe 1, John Doe 2 and John Doe 3 as described above, the Plaintiff, Jae-Pil Lee was caused to suffer severe and disabling bodily injuries, including, but not limited to a closed head injury, cerebral contusions, subarachnoid hemorrhage, a laceration and fracture of the nose and a contusion of the right shoulder.

13.    At all relevant times, the Plaintiff Jung-Ja Lee was the wife of the Plaintiff, Jae-Pil Lee.

14.    As a result of the negligence of the Defendants, National Railroad Passenger Corp., d/b/a Amtrak, John Doe 1, John Doe 2, and John Doe 3, as described in Paragraphs 8 through 12, the Plaintiff Jung-Ja Lee was caused to suffer a loss of consortium regarding the friendship, society and marital services of her husband, Jae-Pil Lee.

## CAUSES OF ACTION

(EACH CAUSE OF ACTION INCORPORATES BY REFERENCE EACH AND EVERY PARAGRAPH HEREIN BEFORE SET FORTH)

### FIRST CAUSE OF ACTION

15.    This is a cause of action by the Plaintiff, Jae-Pil Lee, for negligence against the Defendant, John Doe 1, for personal injuries.

### SECOND CAUSE OF ACTION

16.    This is a cause of action by the Plaintiff, Jae-Pil Lee, for negligence against the Defendant, John Doe 2, for personal injuries.

### THIRD CAUSE OF ACTION

17.    This is a cause of action by the Plaintiff, Jae-Pil Lee, for negligence against the Defendant, John Doe 3, for personal injuries.

### FOURTH CAUSE OF ACTION

18.    This is a cause of action by the Plaintiff, Jae-Pil Lee, for negligence against the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, for personal injuries.

## FIFTH CAUSE OF ACTION

19.     This is a cause of action by the Plaintiff, Jung-Ja Lee, for negligence against the Defendant, John Doe 1, for loss of consortium.

## SIXTH CAUSE OF ACTION

20.     This is a cause of action by the Plaintiff, Jung-Ja Lee, for negligence against the Defendant, John Doe 2, for loss of consortium.

## SEVENTH CAUSE OF ACTION

21.     This is a cause of action by the Plaintiff, Jung-Ja Lee, for negligence against the Defendant, John Doe 3, for loss of consortium.

## EIGHTH CAUSE OF ACTION

22.     This is a cause of action by the Plaintiff, Jung-Ja Lee, for negligence against the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, for loss of consortium.

## DEMANDS FOR JUDGMENT

23.     The Plaintiff, Jae-Pil Lee, demands judgment against the Defendant, John Doe 1, together with interest and costs as to the First Cause of Action.

24.     The Plaintiff, Jae-Pil Lee, demands judgment against the Defendant, John Doe 2, together with interest and costs as to the Second Cause of Action.

25.     The Plaintiff, Jae-Pil Lee, demands judgment against the Defendant, John Doe 3, together with interest and costs as to the Third Cause of Action.

26.     The Plaintiff, Jae-Pil Lee, demands judgment against the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, together with interest and costs as to the Fourth Cause of Action.

27.     The Plaintiff, Jung-Ja Lee, demands judgment against the Defendant, John Doe 1, together with interest and costs as to the Fifth Cause of Action.

28.     The Plaintiff, Jung-Ja Lee, demands judgment against the Defendant, John Doe 2, together with interest and costs as to the Sixth Cause of Action.

29.     The Plaintiff, Jung-Ja Lee, demands judgment against the Defendant, John Doe 3, together with interest and costs as to the Seventh Cause of Action.

30.     The Plaintiff, Jung-Ja Lee, demands judgment against the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, together with interest and costs as to the Eighth Cause of Action.

## JURY CLAIM

31.   The plaintiffs, Jae-Pil Lee and Jung-Ja Lee, claim trial by jury as to all causes of action.

The Plaintiff,
by their attorneys,

Ellen R. Mason, Esq.
BBO# 561744
Kenneth W. Halpern, Esq.
BBO# 218200
Kenneth Halpern & Assoc.
233 Needham Street
Newton, MA  02464
(617) 244-2100

DATED: 12/17/03