UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 03-12555JLT

JAE-PIL LEE AND JUNG-JA LEE,

    Plaintiffs,

vs.

NATIONAL RAILROAD PASSENGER CORP.,
D/B/A AMTRAK, JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3

    Defendants

## ANSWER OF NATIONAL RAILROAD PASSENGER CORP.

### THE PARTIES

1. The defendant is unable to admit or deny the allegations contained in paragraph 1 of plaintiff's complaint and leaves the plaintiffs to their proof thereof.

2. The defendant is unable to admit or deny the allegations contained in paragraph 2 of plaintiff's complaint and leaves the plaintiffs to their proof thereof.

3. Admitted.

4. Defendant admits that the Engineer operating the train was its agent, servant and/or employee.

5. Defendant admits that the Conductor on the train on the day of the alleged incident was its agent, servant and/or employee.

6. Defendant admits that the Assistant Conductor on the train on the day of the alleged incident was an agent, servant and/or employee.

### JURISDICTION

7. Defendant admits that jurisdiction is proper.

## THE FACTS

8. Defendant admits that on or about December 30, 2000 the plaintiff boarded Amtrak passenger train #191 but is unable to admit or deny where he boarded the train. Defendant further admits that he was not a ticketed passenger and was, therefore, a trespasser. Defendant is without sufficient information to admit or deny Mr. Lee's purpose in boarding the train. Defendant denies that the train "suddenly and without warning" began to leave the station. Defendant admits that Mr. Lee was later found near the 128 platform.

9. Defendant is without sufficient information to admit or deny the allegations regarding the action of Mr. Lee's family. Defendant denies that a train exterior door was broken and further denies that any employee, servant or agent made a statement that it was.

10. Defendant objects tot plaintiff's statement of law as duty is a legal issue for the court to decide. Without waiving said objection, the allegations are denied. Plaintiff was a trespasser. Defendant had the duty not to act in a willful or wanton manner towards plaintiff once defendant was aware of his presence on the train.

11(a-d) Denied.

12. Denied.

13. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of plaintiff's complaint and leaves the plaintiffs to their proof thereof.

14. Denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

15. Liability as to this cause of action is denied.

### SECOND CAUSE OF ACTION

16. Liability as to this cause of action is denied.

### THIRD CAUSE OF ACTION

17. Liability as to this cause of action is denied.

### FOURTH CAUSE OF ACTION

18. Liability as to this cause of action is denied.

PRV_645848_1/

## FIFTH CAUSE OF ACTION

19. Liability as to this cause of action is denied.

## SIXTH CAUSE OF ACTION

20. Liability as to this cause of action is denied.

## SEVENTH CAUSE OF ACTION

21. Liability as to this cause of action is denied.

## EIGHTH CAUSE OF ACTION

22. Liability as to this cause of action is denied.

## DEMANDS FOR JUDGMENT

WHEREFORE, DEFENDANT demands judgment on plaintiffs' complaint together with costs and prays that plaintiffs' demands for judgment, paragraphs 23 through 30 inclusive, be denied and judgment entered against plaintiffs.

Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff, Jae-Pil Lee, was comparatively negligent and his recovery, if any, must be reduced or denied accordingly.

2. Plaintiff, Jae-Pil Lee, was comparatively negligent and his negligence exceeded 50% and, therefore, his recovery must be denied.

3. The negligence of the plaintiff, Jae-Pil Lee, was the proximate cause of his injuries and damages and his recovery must be denied.

4. Plaintiffs failed to mitigate their damages and their recovery, if any, must be denied or reduced accordingly.

5. Plaintiff, Jae-Pil Lee, was a trespasser to whom no duty or a limited duty was owed.

6. Plaintiffs' injuries, if any, are attributable to causes, persons or entities other than the acts and/or omissions of this defendant and are reasonably capable of being apportioned amongst the causes, persons or entities pursuant to the Restatement (Second) of Torts §433A as adopted in the Commonwealth of Massachusetts. The plaintiffs' recovery against this defendant must be denied for injuries not attributable to this defendant.

7. Plaintiff's damages, if any, are attributable to conditions, pre-existing or otherwise, and said damages are reasonably capable of being apportioned amongst the various conditions and the damages caused by this defendant pursuant to the Restatement (Second) of Torts §433A as adopted in the Commonwealth of Massachusetts. Plaintiff's recovery against this defendant for these other conditions, pre-existing or otherwise, must be denied.

8. Plaintiff's claims are barred by the doctrine of laches.

Respectfully submitted,

Defendant, NATIONAL RAILROAD PASSENGER CORPORATION

By and Through Its Attorneys,
EDWARDS & ANGELL, LLP

_____
Paul E. Dwyer, Esq., BBO #553848
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200
(401) 276-6611 facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2004 I served the within *Answer and Demand for Jury Trial of Defendant National Passenger Railroad Corporation*, by causing a copy to be sent via regular mail, postage pre-paid to the following counsel of record:

Ellen R. Mason, Esquire
Kenneth W. Halpern, Esquire
Kenneth Halpern & Assoc.
233 Needham Street
Newton, MA 02464

_____
Paul E. Dwyer, Jr.