UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:
03-12555 JLT

JAE – PIL LEE and JUNG-JA LEE, )
   Plaintiffs )
 )
v. )
 )
NATIONAL PASSENGER RAILROAD )
SERVICE d/b/a AMTRAK, et al, )
   Defendants )

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

NOW COMES, the Plaintiffs, Jae-Pil Lee and Jung-Ja Lee and move this Honorable Court to compel the Defendant, National Passenger Railroad Service d/b/a Amtrak (hereinafter referred to as "Amtrak"), to produce the requested documents in Response to a Fed. Rule Civ.P. Rule 30(b)(6) Deposition Notice served upon the Defendants. As grounds for this Motion, the Plaintiff states the following:

1. This action arises when the plaintiff fell from an open door of an Amtrak train owned and operated by the defendant, Amtrak, on December 30, 2000. During the course of discovery, the plaintiff's attempted to discover information concerning both problems with the specific car from which the plaintiff fell, Car No. 43306, as well as all of the cars that were part of the train on that date (the "train consist")..

2. On or about February 18, 2005, the Plaintiff served a 30(b)(6) Deposition Notice requesting numerous documents from the Defendant, Amtrak –

The Plaintiff,
By their attorney,

*Kenneth W. Halpern*

Kenneth W. Halpern, Esq.
BBO# 218200
Kenneth Halpern & Associates
233 Needham Street
Newton, MA 02464
(617) 244-2100

Date: 4/8/05

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand-fax on 4/8/05

(Exhibit "A"). The plaintiff has received a written objection to three categories of documents in a letter dated March 15, 2005 (Exhibit "B").

3. Each Request, Objection and the Argument to Compel the Production are outlined as follows:

**Request No. 12:** Any and all memorandums, letters, correspondence, reports, documents, e-mails concerning people jumping or falling from moving trains from January 1, 1990 to December 31, 2004.

**Objection to Request No. 12:** Plaintiff's request covers materials that are protected from discovery by the attorney/client privilege and work product doctrine including material relating to this case. To the extent that such documents are responsive to such requests, defendant objects to this production. Defendant further objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence and the time frame and geographic region is overly broad and unduly burdensome. Furthermore, the request is not limited to factual circumstances similar to the incident at hand.

**Argument to Compel Production of Request No. 12:** During discovery has produced a document entitled "Initial Terminal Trainlined Door Inspection Procedures" (Exhibit "C"). This states "Recently there have been several instances of trainlined doors opening on the opposite side of the train from which they were keyed, creating an extremely dangerous situation for passengers and crew". Defendant has also produced a document entitled "Observation of Platform While Departing Stations"

**Argument to Compel Production of Request No. 20:**

For the reasons stated in the Argument to Compel Production of Requests No. 17,18 and 22 above, it is important for the Plaintiff to discover who performed the repairs to the doors on car 43306 and the other cars on the consist. Plaintiff has been informed by the Defendant that other than the documents produced which show only that a door was jammed and work was done, there are no documents that identify the repairs that were performed on Car number 43306, and there is no record of the identity of the people that performed this repair. Therefore, by learning the identity of people working on car 43306 and the other cars on the consist in general, this may assist the Plaintiff in learning what work was actually performed on Car No. 43306 on December 4, 2000 and December 6, 2000 and what the nature of the problem had been.

4. Counsel for the parties have conferred and have attempted in good faith to resolve or narrow the issue without success.

WHEREFORE, for the reasons stated above, the Plaintiff requests that this Honorable Court order the Defendant, Amtrak, to produce the documents requested in Requests No. 12, 17, 18, 20 and 22, as amended above.

dated December 30, 2003 (Exhibit "D"). This document states that "the Northeast corridor has had a longstanding Timetable of Special Instructions providing for the protection of passengers attempting to board or exit moving trains while departing stations. This document obviously recognizes that in addition to Mr. Lee, others have fallen off moving trains while departing stations. This implicitly recognizes that doors to moving trains have been opened on other cars on the Northeast corridor while trains were departing stations. The documents do not identify how long these Instructions and Procedures have been in place.

The Plaintiff believes that the issue of people jumping or falling from moving trains throughout the National Amtrak System is certainly relevant since it shows that doors have been opened on other trains while trains have departed from stations. It is anticipated that the requested documents will show that the Defendant was on notice of the fact that as a result of open doors people have fallen or jumped from moving trains and will assist the Plaintiff in establishing negligence as well as rebutting arguments that Plaintiff anticipates being raised at trial that question Mr. Lee's actions and attempt to portray this as an isolated incident that was not foreseeable by the Defendant.

The Plaintiff feels that given the fact that the Defendant is a national company and that the same type of train cars that are utilized throughout the Defendant's system, they should be able to obtain information concerning people jumping or falling from open doors on moving trains in

repairs to car 43306 on December 6, 2000. Since the Defendants deny having any information about this repair, Plaintiff would like to determine the identity of the people who did repairs on Amtrak trains on December 6, 2000.

It is important for the Plaintiff to be allowed to examine the inspection and repair records for all cars on the train to determine if there was a malfunction of the door, keying system or otherwise which caused or contributed to the accident. Clearly, this information is relevant and would be calculated to lead to discovery of admissible evidence. However, Plaintiff is willing to limit the request as stated in Requests No. 17, 18 and 22 to documents concerning repairs and/or inspections concerning the opening and closing of doors as well as repair and inspection of warning devices designed to alert conductors to doors being opened while the train was moving for the period of January 1, 2000 to December 31, 2001.

**Request No. 20:** Any records, reports, documents, e-mails identifying the personnel of the defendant who worked on the repairs on the consist of train No. 191 on December 30, 2000 from January 2000 to December 2001.

**Objection to Request No. 20:** The Defendant objects to these documents stating that "Plaintiff seeks the identity of persons who worked on the cars other than No. 43306. Such a request is not reasonably calculated to lead to the discovery of admissible evidence.

all parts of the country. In addition, Plaintiff is still attempting to determine when the Timetable of Special Instructions was created and ultimately wants to obtain information which lead to the creation of this Timetable of Special Instruction. Therefore, the Plaintiff believes that it is reasonable to request this information for ten years prior to the event. Given the serious nature of the injuries sustained and the danger caused by allowing doors to moving trains to open, the Defendant should be required to search its records and provide the requested documents. The Defendant should not be permitted to avoid production of the requested material, which is already relevant, because of any difficulty which may be alleged in reviewing files to locate this information. To allow the Defendant to avoid production based on a claim of difficulty locating the requested material will encourage sloppy filing systems designed to thwart discover on relevant information.

**Request No. 17**: Any and all records, reports, documents, e-mails concerning any inspections of the cars of the consist of train number 191 on December 30, 2000;

**Request No. 18:** Any and all records, reports, documents, e-mails concerning any repairs performed on the cars of the consist of train number 191 on December 30, 2000 from January 1, 2000 to December 31, 2001; and

**Request No. 22**: Any records, reports, documents, e-mails concerning parts installed to perform any repairs on the cars in the consist of train

platform. The plaintiff's discovery requests are aimed to elicit information concerning problems related to the opening and the closing of doors on the train during the relevant periods of time, as well as warning devices that would alert conductors to a door being opened while the train was moving and after it had left the platform.

In addition, it is clear that there have been several instances where doors on the track side of a train open when doors on the platform side are keyed. (Exhibit "C") creating an extremely dangerous situation for passengers and crew. Since this was unintended, plaintiff has the right to determine if this malfunction caused the track side door to open allowing Mr. Lee to exit from the open door on the moving train.

The train involved was late in leaving South Station the morning of Mr. Lee's accident. The Plaintiff should be able to discover information concerning the inspection, maintenance and repairs of the cars on the train's consist on the date of the accident to determine, among other issues, if the delay of the train was due to a problem with doors on the trains operating properly.

Also, through discovery Plaintiff has obtained records that confirm that on December 4, 2000, the doors on Car No. 43306, the car from which Mr. Lee fell, were jammed and that on December 6, 2000, some work was done on this car. The Plaintiff should be allowed to obtain information concerning the nature and cause of the jammed door on Car 43306 on December 4, 2000 and information concerning the nature of the

number 191 on December 30, 2000 from January 1, 2000 to December 31, 2001.

**Objection to Request No. 17 and No. 18:** The facts indicate only that a train door was discovered open on the trackside of Car No. 43306 after Mr. Lee was last seen on the train. Therefore at this point, any request relating to cars other than 43306 is not reasonably calculated to lead to discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

**Objection to Request No. 22:** Plaintiff seeks documents relating to parts installed to repair cars in the consist of train number 191 other than car number 43306. This request is not reasonably calculated to lead to the discovery of admissible evidence.

**Argument to Compel Production of Request No. 17, No. 18 and No. 22:** The train involved in Mr. Lee's accident on December 30, 2000 consisted of twelve passenger and cafe cars. Upon information and belief car doors could be opened either individually or all the cars on one side of the train could be opened or closed by a conductor. It is clear that the door to the Car No. 43306 was found open after Mr. Lee had left the train as evidenced by the reports of Clifford Higgins dated December 30, 2000 (attached and marked Exhibit "E").

The Defendant, Amtrak, prepared a document entitled "Observation of Platform While Departing Stations" dated December 30, 2003 (Exhibit "D") which recognized the fact that there was a concern and problem with people falling and/or jumping from moving trains after they had left the