EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 03-12555JLT

JAE-PIL LEE AND JUNG-JA LEE,

        Plaintiffs,

vs.

NATIONAL RAILROAD PASSENGER
CORP., D/B/A AMTRAK, JOHN DOE 1,
JOHN DOE 2, JOHN DOE 3,

        Defendants

**OBJECTION OF NATIONAL RAILROAD PASSENGER
CORP. d/b/a AMTRAK, TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS
<u>ATTACHED TO NOTICE OF TAKING DEPOSITION 30(b)(6)</u>**

Plaintiffs have attached a 32-item list containing descriptions of various categories of documents which they seek from the defendant, Amtrak.

Plaintiffs allege that Jae-Pil Lee was injured after exiting train #191 on December 30, 2000 while said train was moving. To date, there has only been evidence of an open door discovered on car no. 43306 after Mr. Lee was last seen aboard the train.

17. Any and all records, reports documents, e-mails concerning any inspections of the cars of the consist of train #191 on December 30, 2000.

18. Any and all records, reports, documents, e-mails concerning any repairs performed on the cars in the consist of train #191 on December 30, 2000 from January 1, 2000 to December 31, 2001.

PRV_716264_1/

The defendant further objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence and the timeframe and geographic region is overly broad and unduly burdensome. Furthermore, the request is not limited to factual circumstances similar to the incident at hand.

NATIONAL RAILROAD PASSENGER
CORP. d/b/a AMTRAK,
By and Through Its Attorneys,

*Paul Dwyer, eid*
Paul E. Dwyer, Jr., Esquire (BBO 553848)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI  02903-2499
(401) 274-9200

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the within document was sent via U.S. Mail, postage prepaid and via facsimile, to the counsel listed below on this 15th day of March, 2005.

TO:   Kenneth Halpern, Esquire
      Kenneth Halpern & Associates
      233 Needham Street
      Newton, MA  02464

*Ethan I. Davis*

Defendant's objection to Requests No. 17 and 18 are identical. The facts indicate only that a train door was discovered open on the trackside of car no. 43306 after Mr. Lee was last seen on the train. Therefore, at this point, any request relating to cars other than no. 43306 is not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

20. Any records, reports, documents, e-mails identifying the personnel of the Defendant who worked on the repairs on the cars in the consist of train #191 on December 30, 2000 from January 1, 2000 to December 31, 2001.

Plaintiff seeks the identity of persons who worked upon cars other than no. 43306. Such a request is not reasonably calculated to lead to the discovery of admissible evidence.

22. Any records, reports, documents, e-mails concerning parts installed to perform any repairs on the cars in the consist of train #191 on December 30, 2000 from January 1, 2000 to December 31, 2001.

Plaintiff seeks documents relating to parts installed to repair cars in the consist of train no. 191 other than car no. 43306. This request is not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

12. Any and all memorandums, letters, correspondence, reports, documents, e-mails concerning people jumping or falling from moving trains from January 1, 1990 to December 31, 2004.

Plaintiffs' request covers materials which are protected from discovery by the attorney-client privilege and work product doctrine, including material relating to this case. To the extent such documents are responsive to said request, defendant objects to this production.